# 𝕽𝔦𝔠𝔥𝔪𝔬𝔫𝔡

## REYNOLDS METALS COMPANY AND METROPOLITAN LIFE INSURANCE COMPANY v. ARTHUR LEE SMITH, JR.

March 3, 1978.

Record No. 761488.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*McDonald Wellford, Jr.; Alexander Wellford (Wellford and Taylor;* Christian, Barton, Epps, Brent and Chappell, on brief), for plaintiffs in error.

*James A. Eichner (George E. Allen, III; Allen, Allen, Allen & Allen,* on brief), for defendant in error.

HARMAN, J., delivered the opinion of the Court.

The question posed by this appeal is whether the trial court erred in its holding that the so-called "non-duplication of benefits provision" of a health and accident insurance policy was invalid under the proscription against subrogation contained in Code § 38.1-342.2.

The facts have been stipulated. Arthur Lee Smith, Jr. (Smith or plaintiff), an employee of Reynolds Metals Company (Reynolds), was injured in an automobile accident on December 17, 1974. As a result of those injuries, Smith incurred total medical expenses of $1652.85. At the time of his injury Smith was insured under a group accident and health insurance policy written by Metropolitan Life Insurance Company (Metropolitan) covering certain Reynolds employees, including Smith. The coverage afforded by the policy is an employee benefit contained in a 1968 collective bargaining agreement between Reynolds and the labor union representing its employees.

The policy provides that no medical benefits will be paid for "[s]ervices for which payment or reimbursement is received by or for the account of the individual [employee] as a result of legal action or settlement." Under this provision it has been the practice of Reynolds and Metropolitan to pay medical benefits to an employee who has suffered injury as the result of negligence of a third-party tort-feasor. When claim for such benefits is made the employee is asked to sign an agreement promising to reimburse Reynolds for such benefits out of any recovery or reimbursement which the employee receives as a result of legal action or settlement. Reynolds does not deny payment if the employee refuses to execute the agreement, but it considers the employee obligated to repay the benefits in the event of a subsequent recovery or reimbursement from a third party as the result of legal action or settlement.

Smith attempted to file a claim with Reynolds for payment of his medical expenses of $1652.85 resulting from his December 17, 1974, injury. When asked to sign the reimbursement agreement, Smith refused to do so upon the advice of counsel. On July 18, 1975, Smith's counsel made formal claim and demand for payment of Smith's medical expenses under the policy. Having received no response to this demand, Smith instituted this action on August 22, 1975.

In September, 1975, Smith effected settlement and release of all his claims, including his claim for medical expenses, against the third-party tort-feasor.

Code § 38.1-342.2 provides:

"No contract of insurance providing hospitalization, medical, surgical and similar or related benefits, and no contract or plan for prepayment of future hospitalization, medical, surgical and similar and related benefits, delivered or issued for delivery in this State, shall contain any provision providing for subrogation of a person, corporation, or association paying benefits under such policy, contract, or plan to the rights which the person receiving such benefits may have to recover from a third person for personal injuries for the treatment of which such services were rendered."

This statute was enacted by the General Assembly, Acts 1973, c. 28, to reverse our holding in *Collins* v. *Blue Cross,* 213 Va. 540, 193 S.E.2d 782 (1973), that a conventional subrogation provision in a hospital indemnity contract was not invalid as contrary to public policy.

The trial court, finding that it was "crystal clear that the intent of the [l]egislature in enacting § 38.1-342.2 was to insure the fact that no policy should include a provision which denied the plaintiff this right of double recovery", held that the non-duplication of benefits provision was a "subterfuge . . . to circumvent . . . the statutory enactment" and that the challenged policy provision fell "squarely within the concept of conventional subrogation." Based on this holding, the trial court invalidated the non-duplication of benefits provision of the policy and entered judgment for Smith in the amount for which he had sued. We reverse.

Subrogation has been defined as "[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right . . . so that he who is substituted succeeds to the *rights* of the other in relation to the debt or claim, and its *rights, remedies,* or securities." (emphasis supplied). Black's Law Dictionary 1595 (rev. 4th ed. 1968). It has also been defined as "the substitution of one for another as a creditor so that the new creditor succeeds to the former's *rights* in law and equity." (emphasis supplied). Webster's Third New International Dictionary 2278 (1969).

Thus, substitution as to both the *rights* and the *remedies* is a crucial characteristic of subrogation. The non-duplication of benefits provision of the contract at issue here vests no right in either Reynolds or Metropolitan to proceed against the third-party tort-feasor. Under the contract provision there was no substitution of either Reynolds or Metropolitan to the rights and remedies available to Smith. Reynolds and Metropolitan have no right to proceed against the tort-feasor in the event Smith chose not to proceed. Their remedy is limited to a recovery from Smith of any duplication of benefits for which Smith has been reimbursed as a result of legal action or settlement.

Code § 38.1-342.2 proscribes a subrogation provision in the policy. It does not, as the trial court found, prohibit a policy provision which would deny plaintiff a double recovery.

We conclude that the challenged provision of the policy does not create a right of subrogation in Reynolds and Metropolitan, so we hold that it does not violate the proscription against subrogation found in Code § 38.1-342.2. Therefore, the judgment of the trial court will be reversed and final judgment will be entered here in favor of Reynolds and Metropolitan.

*Reversed and final judgment.*