## CIRCUIT COURT OF SHENANDOAH COUNTY

Lincoln National Life Ins. Co.

v.

Smith

August 9, 1988

Case No. (Law) 1353

By JUDGE PERRY W. SARVER

Set forth herein is the Court's ruling on the demurrer filed herein by the Defendant.

I have the memoranda of counsel and am of the opinion that the demurrer should be sustained. I will not address all of the grounds set forth in the demurrer, nor will I address all of the issues set forth in that order entered on April 28, 1987, pursuant to the proceedings had on April 22, 1987.

The Court makes the foregoing ruling for two reasons which are dispositive of the case. First, the non-duplication agreement signed by Defendant on October 9, 1981, and designated Exhibit 3 in Plaintiff's memorandum filed on September 22, 1985, while not a subrogation agreement is clearly an agreement that violated Code § 38.1-342.2 as amended in 1979 and in effect in September, 1981.

The parties seem to agree that Plaintiff and Defendant are foreign corporations authorized to do business in Virginia and part of the contract provides that the State of delivery is the District of Columbia and the policy is governed by District of Columbia laws. (*See* Plaintiff's Exhibit 1, filed with memorandum of 9/22/87.) While this is binding upon Plaintiff and Defendant's employer, this

agreement is not necessarily binding upon Defendant. There is a division of authority as to whether the policy is governed by the laws of the state where the master policy was issued (the District of Columbia) or the state where Plaintiff's certificate of insurance was issued and delivered to the employee. 43 Am. Jur. 2d, *Insurance* § 342 (1982), page 411, 72 A.L.R. 2d 695. It is noted that the General Assembly, by an amendment to Code § 38.2-3405 (the successor statute to § 38.1-342.2) has removed any doubt as to the enforcement of subrogation clauses in Virginia contained in medical insurance contracts "delivered or issued for delivery in Virginia or providing for payment of benefits to or on behalf of persons residing in or employed in this Commonwealth . . . ." The foregoing amendment comes too late for application to this action and the court applies Code § 38.1-342.2. *See Hines v. Blue Cross-Blue Shield*, 788 F.2d 1016 (4th Cir. 1986).

Notwithstanding the foregoing, the Court is of the opinion that the General Assembly has on at least two occasions, following *Collins v. Blue Cross*, 213 Va. 540, 193 S.E.2d 782 (1973), and *Reynolds Metals Co. v. Smith*, 218 Va. 881, 241 S.E.2d 794 (1978), and in direct response to these cases enacted legislation that proscribe both a subrogation provision, *Collins* and a "non-duplication" provision (*Reynolds*). This Court interprets the action of the General Assembly as a clear declaration of a public policy prohibiting a hospital, medical, etc., insurance carrier from becoming subrogated to the rights of its insured or in any way limiting the insured's recovery from a third person who caused the injury to the insured.

Assuming that this is an action arising under District of Columbia law and that such contract provision is fully enforceable in the District of Columbia, and further assuming that the master policy and the employee's certificate were both issued in the District of Columbia and that the provision is substantive law and not procedural, should a Virginia Court enforce this provision? I think not. Comity does not require the application of another state's substantive law if it is contrary to the public policy of the forum state. *Willard v. Aetna*, 213 Va. 481, 193 S.E.2d 776, 83 A.L.R.3d 302 (1973). Likewise, it should not be enforced in Virginia because of the provisions of Code § 8.01-247.

As stated in Am. Jur. 2d, *Conflict of Laws*, § 19, pp. 42, 43 and 44:

> Ordinarily, and subject to constitutional limitations, the forum court will not permit the enforcement of a contract regardless of its validity where made or when to be performed, where the contract in question is contrary to good morals, *where the state of the forum or its citizens would be injured through the enforcement by its courts of contracts of the kind in question, where the contract violates the positive legislation of the state of the forum -- that is, is contrary to its* constitution or *statutes,* -- or where the contract violates the public policy of the state of the forum. *The public policy of a state, established* either *by express legislative enactment* or by the decisions of its courts, *is supreme, and when once established, will not as a rule be relaxed even on the ground of comity to enforce contracts which, though valid where made, contravene such policy.* (Emphasis added).

The clause which Plaintiff seeks to enforce in this action clearly violates the public policy of the Commonwealth as established in Code § 38.1-342.2 as the same was enacted in 1979 and which was in effect in 1981 when Defendant's cause of action arose and the same had not been further amended in 1985 when this action was filed.

Counsel for Defendant shall prepare an order sustaining the demurrer, incorporating this letter therein by reference, and dismissing Plaintiff's motion for judgment and noting Plaintiff's objections.