## CIRCUIT COURT OF FAIRFAX COUNTY

Hanners

v.

Pender Mill I Associates et al.

August 23, 1990

Case No. (Law) 96326

By JUDGE ROSEMARIE ANNUNZIATA

The matter to be addressed by the Court in this opinion letter is defendant Henry A. Long Company's motion to strike the allegations seeking indemnification contained in the cross-claim filed by Commercial Building Maintenance, Inc. Having considered the pleadings, the arguments of counsel and the relevant law applicable to the matter, I will sustain the demurrer.

Henry A. Long Company argues first in its memorandum that Virginia does not recognize a non-contractual basis for indemnity. Defendant cites *VEPCO v. Wilson*, 221 Va. 979, 982 (1982), for the proposition that indemnity "must necessarily grow out of a contractual relationship." This proposition, not necessary to the disposition of that case, has been either abandoned in Virginia law or interpreted broadly to allow the contractual basis for indemnity to be an express contract, implied contract, or even a quasi-contract arising from equitable considerations.

In *Whittle v. Timesavers, Inc.*, 614 F. Supp. 115, 118-19 (W.D. Va. 1985), the district court held that breach of an implied warranty of merchantability is an adequate basis for an *implied* contract of indemnity.

Additionally, other courts interpreting Virginia law since the decision in *VEPCO v. Wilson, supra*, have indicated that an express indemnification contract is

not necessary. In *Richardson v. Econo-Travel Hotel Corp.*, 553 F. Supp. 320 (E.D. Va. 1982) (applying Virginia law), Judge Cacheris, although interpreting an express provision for indemnification in that case, wrote "indemnity shifts the entire loss from the person whose fault is passive to the person who has agreed to bear it *or* who is primarily liable." *Id.* at 323 (emphasis supplied).

Most recently, there is a clear implication in *Philip Morris, Inc. v. Emerson*, 236 Va. 380, 411-12 (1988), that the Court considered both contractual and non-contractual claims for indemnification. There, the Court considered claims for indemnification by both Philip Morris and Texaco by analyzing the character of the negligence of both parties and determining that both had been actively negligent and therefore not entitled to indemnification. In the subsequent paragraph, the Court regarded and disposed of Philip Morris's "claim for *contractual* indemnity." *Id.* at 412 (emphasis in original). It seems apparent that the prior discussion of active/passive negligence was concerning an indemnity claim non-contractual in nature.

The Court's departure from requiring a contractual basis for indemnity is consistent with modern case law, which holds generally that "contract furnishes too narrow a basis and that principles of equity furnish a more satisfactory basis for indemnity." 41 Am. Jur. 2d, *Indemnity*, sect. 2 (1968).

Henry A. Long Company next argues that even if Virginia recognizes non-contractual indemnity, then indemnity is not available to Commercial Building Maintenance, Inc., because their alleged negligence was only active in character. In Virginia, active tortfeasors are not entitled to indemnification. In *Philip Morris, Inc. v. Emerson, supra*, at 411, it is clearly stated that "[i]f a defendant is guilty of active negligence, he may not obtain indemnification from any other defendant." In order for Commercial Building Maintenance to be in a position to receive indemnification from any other defendant, it must first be found liable to the plaintiff. A review of the motion for judgment reveals that every allegation therein against each defendant is for active negligence. Therefore, Commercial Building Maintenance can only be held liable to the plaintiff for its own active negligence. For these reasons, defendant Henry A. Long Company's demurrer is sustained.