## CIRCUIT COURT OF FAIRFAX COUNTY

Winchester Homes, Inc.

v.

Hoover Universal, Inc., et al.

February 8, 1996

Case No. (Law) 122509

By Judge Gerald Bruce Lee

This matter is before the Court on Defendants[1] Plea in Bar and Motion for Summary Judgment to Winchester Homes' Motion for Judgment. *Winchester II* arises out of the homebuilder's claims against manufacturers and treaters of allegedly defective fire retardant treated plywood ("FRTP"). Plaintiff, a homebuilder, contends that the Defendants sold it defective fire retardant treated plywood ("FRTP") which it used in thousands of new townhome roof construction. Plaintiff's suit seeks to recover expenses it incurred in the inspection, repair, and replacement of the townhome roofs. The issues presented to the Court are as follows: (1) whether Plaintiff's claims within its Motion for Judgment are barred by the applicable statute of limitations and statute of repose and (2) whether Plaintiff had a legal obligation to inspect, repair, and replace the townhome roofs. Plaintiff proceeds in its own right as purchaser of the building materials

---

[1] The Defendants named in Winchester Homes, Inc.'s Motion for Judgment are Hoover Universal, Inc., Johnson Controls, Inc., Reliance Wood Preserving, Inc., Jarvis Steel and Lumber Co., Inc., and Allied Plywood Corporation.

and alleges several theories of recovery including indemnification, subrogation, and contribution. Defendants argue that the statute of limitations and statute of repose bar Plaintiff's claims. In response, Plaintiff contends that the statute of limitations and statute of repose are tolled by the doctrines of fraudulent concealment, equitable estoppel, and Defendants' warranties of future performance. After due consideration of the oral argument and memoranda of counsel, the Court sustains Defendants' Plea in Bar and Motion for Summary Judgment. *Winchester II* will be dismissed for the reasons which follow.

## Facts

Plaintiff, a homebuilder, purchased FRTP from the Defendants for use as roof sheathing in townhomes. Several years after the construction of 1500 or more townhomes, Plaintiff learned that the FRTP was prematurely decaying in townhome roofs and launched an inquiry. As a result of this inquiry, Plaintiff entered into an agreement with the homeowners to repair or replace FRTP in exchange for a release and assignment of potential legal claims.[2]

On March 22, 1993, Plaintiff filed its Motion for Judgment alleging multiple product liability claims. This lawsuit proceeded, at different times, on numerous theories. Plaintiff claims that Defendants supplied or treated defective FRTP which was placed in the roofs of townhomes. Plaintiff is seeking damages against Defendants for (1) all expenses which it has incurred in communicating with homeowners regarding Defendants defective FRTP and for all damages for inspecting, repairing, and replacing the roofs containing FRTP constructed by Plaintiff; (2) lost profits and injury to Plaintiff's business reputation; and (3) indemnification, contribution, subrogation, and punitive damages. *Winchester II* is the claim of

---

[2] The instant action, *Winchester II*, is the second suit filed by Plaintiff involving these issues. On November 2, 1990, Plaintiff filed its Motion for Judgment alleging defects in FRTP installed into roofs of townhomes built and sold by Plaintiff. (*Winchester I*, At Law No. 100865). Defendants filed demurrers, which were sustained in their entirety. Plaintiff then filed a Second Amended Motion for Judgment. In a hearing on the Second Amended Motion for Judgment on February 3, 1992, the Court dismissed Defendants with prejudice.

Plaintiff, the builder, in its own right as the purchaser of the plywood building materials.[3]

## I. *Plea in Bar*

### A. *Statute of Limitations*

#### 1. *Breach of Implied Warranties*

Defendants argue that Plaintiff's Breach of Warranty Claims are barred by Va. Code Ann. § 8.2-725. Defendants maintain that an action for breach of a warranty or contract for the sale of goods under the U.C.C. must be brought within four years of the date of breach. Defendants argue that all plywood used in the construction of the townhomes in this case was delivered more than four years prior to filing suit, and thus, this action is barred by the statute of limitations. In rebuttal, Plaintiff argues that the statute of limitations is tolled by the doctrines of fraudulent concealment, equitable estoppel, and Defendants' warranties of future performance.

The Court holds that Plaintiff's cause of action accrued upon tender of delivery of the plywood. Tender of delivery of the plywood occurred upon completion of the townhomes. (*Winchester I*, Letter Opinion dated January 6, 1992[4]; Order dated February 3, 1992). The Court holds that the four-year statute of limitations governs the warranties in Count IV (Breach of Implied Warranties of Merchantability and Fitness) and Count V (Breach of Implied Warranty of Fitness for a Particular Purpose). Va. Code Ann. § 8.2-725.

The Court holds that the doctrine of fraudulent concealment does not toll the four-year statute of limitations in this case. Although Plaintiff has alleged that the Defendants fraudulently concealed material information from them regarding FRTP, Defendants' alleged silence does not amount to fraudulent concealment. Furthermore, Plaintiff was aware of the alleged problems with the plywood as early as March of 1988. Plaintiff, however, failed to file *Winchester II* until March 22, 1993.[5] Accordingly, Plaintiff's

---

[3] *Winchester I* went to trial on the theory of Winchester, the builder, as subrogee or assignee of the homeowners. *Winchester I* was the homeowners' suit as distinguishable from *Winchester II*.

[4] This opinion is printed at 27 Va. Cir. 62. [Reporter's Note]

[5] This Court held in *Winchester I* (Letter Opinion dated January 6, 1992) that Plaintiff's Original Motion for Judgment filed on November 2, 1990, did not toll the four-year statute of limitations. Plaintiff's first Amended Motion for Judgment filed on June 24, 1991, did not relate back to the filing date of the Original Motion for Judgment. *See,*

implied warranty claims are not tolled by the doctrine of fraudulent concealment, and this action is barred by the four-year statute of limitations.

Additionally, Plaintiff argues that the doctrine of equitable estoppel applies to toll the statute of limitations. Equitable estoppel is an extraordinary remedy which may toll the statute of limitations when the defendants make a misrepresentation or conceal a material fact for the purpose of masking a cause of action. *Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc.*, 221 Va. 81, 86 (1980). In *Boykins*, the Supreme Court of Virginia set forth the elements of equitable estoppel necessary to toll the statute of limitations: (1) a material fact was falsely represented or concealed; (2) the representation or concealment was made with knowledge of the facts; (3) the party to whom the representation was made was ignorant of the truth of the matter; (4) the representation was made with the intention that the other party should act on it; (5) the other party was induced to act upon it; and (6) the party claiming estoppel was misled to his injury.

Plaintiff failed to allege in its Motion for Judgment that Defendants falsely represented or concealed a material fact. As stated previously, Plaintiffs knew of the alleged problems associated with the plywood as early as March of 1988. *Winchester II* does not relate back to the filing of the Original Motion for Judgment which Plaintiff filed on November 2, 1990. Accordingly, Plaintiff's warranty claims are barred by the four year statute of limitations and are not tolled by the doctrine of equitable estoppel. The Plea in Bar to Count IV (Breach of Implied Warranties of Merchantability and Fitness) and Count V (Breach of Implied Warranty of Fitness for a Particular Purpose) is sustained.

### 2. *Breach of Express Warranty.*

Defendants argue that Count III (Breach of Express Warranty) of Plaintiff's Motion for Judgment is barred by the four-year statute of limitations provided in Va. Code Ann. § 8.2-725.

In rebuttal, Plaintiff argues that the four-year statute of limitations is tolled by Defendants' warranties of future performance. Plaintiff alleges that the following statements are express warranties made by the Defendants:

---

*Irvine v. Barrett*, 119 Va. 587, 592, 89 S.E. 904, 906 (1916). Accordingly, the four-year statute of limitations bars any implied warranty claim for townhome roofs completed more than four years prior to June 24, 1991, i.e., before June 24, 1987.

*Reliance, Jarvis, and Allied*: Flameguard FRP plywood is a Class A or Class 1 retardant wood product that passed ASTM E-84 or a materially similar flamespread test.

*Hoover Universal*: Interior Fire-X penetrates deep into the wood providing permanent protection (against combustion), and Interior Fire-X maintains its structural strength long after other building materials have failed under similar fire conditions.

The Plea in Bar is sustained to Count III (Breach of Express Warranty). The Court holds that Defendants' alleged express warranties did not constitute express warranties of future performance. Warranties of future performance must: (1) explicitly extend to future performance and must warrant future performance for a defined period of time (Va. Code § 8.2-752(2); *Economy Hous. Co. v. Continental Forest Prods., Inc.*, 805 F.2d 319, 321 (8th Cir. 1986)); and (2) guarantee the future performance of the goods for a specified period of time as opposed to warranting the product's condition at the time of delivery (*Crouch v. General Elec. Co.*, 699 F. Supp. 585, 594 (S.D. Miss. 1988)).

The Court holds that these alleged statements are not express warranties of future performance of a product. The Court holds that the above statements do not explicitly guarantee the future performance of FRTP for a specified period. Va. Code Ann. § 8.2-752(2); *Economy Hous. Co. v. Continental Forest Prods., Inc.*, 805 F.2d 319, 321 (8th Cir. 1986); and *Crouch v. General Elec. Co.*, 699 F. Supp. 585, 594 (S.D. Miss. 1988).

### 3. *Tort Claims*

Defendants argue that Plaintiff's tort claims are governed by the four-year statute of limitations under the U.C.C. breach of warranty provision because the counts, although tort based, sound in contract. Virginia Code Ann. § 8.2-725. In response, Plaintiff contends that the five-year statute of limitations applies to its tort claims because it seeks property damage other than the FRTP. Plaintiff further maintains that the five-year statute of limitations is tolled by Defendants' fraudulent concealment.

The Plea in Bar to Count I (Negligent Design and Manufacture), Count II (Negligent Failure to Warn), Count VI (Fraud), Count VII (Negligent Misrepresentation), Count X (Subrogation), and Count XI (Virginia Consumer Protection Act) is sustained. The Court holds that the four-year statute of limitations applies to Plaintiff's tort claims. The four-year statute of limitations governs the tort claims because Plaintiff's negligence claims

arose out of the contract for the sale of FRTP. In the absence of the contract for the sale of FRTP, Defendants would not owe Plaintiff a duty for the defective FRTP. *Appalachian Power Co. v. General Electric Co.*, 508 F. Supp. 530 (W.D. Va. 1980). Accordingly, Plaintiff's tort claims are barred by the four-year statute of limitations.

## B. *Statute of Repose*

Defendants argue that Va. Code Ann. § 8.01-250 bars Plaintiff's Motion for Judgment because more than five years have elapsed since the construction of the townhomes and the filing of suit. Plaintiff contends that Va. Code Ann. § 8.01-250 does not apply for three reasons. First, the language of § 8.01-250 expressly exempts Defendants from its protection. Second, the action is rooted in contract, and thus the statute of repose does not apply. Third, Plaintiff argues that FRTP is not an ordinary building material, and therefore, § 8.01-250 does not operate against its claims.

The Plea in Bar is sustained to Plaintiff's Motion for Judgment. Section 8.01-250 of the Virginia Code provides that actions against a party who supplied ordinary building materials incorporated into real property must be brought within five years of completion of new construction. The FRTP that was used in the construction of the townhomes is an ordinary building material. *Cape Henry Towers v. National Gypsum Co.*, 229 Va. 596, 602, 33 S.E.2d 476, 480 (1985). Furthermore, more than five years have elapsed between the construction of the townhomes containing the FRTP and the filing of this action. Accordingly, Va. Code Ann. § 8.01-250 bars Plaintiff's Motion for Judgment.

## C. *Fraud Claims*

Defendants contend that Plaintiff's claims of fraud and negligent misrepresentation are barred by the two-year statute of limitations. Va. Code Ann. § 8.01-243(A). Defendants maintain that Plaintiff knew of the alleged fraud before November 1, 1988, more than two years before Plaintiff filed its Motion for Judgment on March 22, 1993. Plaintiff argues that the purpose of the statute of limitations is to prevent surprise to the opposing party of the claim. Plaintiff argues that the statute of limitations should not be strictly construed against it because the Defendants had notice of their potential claim.

The Plea in Bar is sustained to Count VI (Fraud) and Count VII (Negligent Misrepresentation). Plaintiff's fraud and negligent misrepresentation claims are barred by Va. Code Ann. § 8.01-243(A). The statute of limita-

tions for fraud claims accruing after July 1, 1987, is two years. The Court found in *Winchester I* (Letter Opinion dated January 6, 1992; Order dated February 3, 1992) that Plaintiff discovered any alleged fraud or misrepresentation by Defendants as early as March of 1988. Plaintiff filed its Motion for Judgment in March, 1993. Therefore, Plaintiff's fraud claims are barred by Va. Code Ann. § 8.01-243(A).

## D. *Virginia Consumer Protection Act*

The Plea in Bar is sustained to Plaintiff's Virginia Consumer Protection Act Claim. This Court previously held in *Winchester I* (Letter Opinion dated January 6, 1992; Letter Opinion dated April 16, 1993)[6] that the Virginia Consumer Protection Act does not apply to the sale of FRTP between Plaintiff and Defendants.

## E. *Winchester's Interaction with the Homeowners*

The key to the Court's consideration of Defendants' Motion for Summary Judgment to Count IX (Indemnification) and Count X (Subrogation) of Plaintiff's Motion for Judgment is a determination of Plaintiff's status at the time of the inspection, repair, and replacement of the roofs. The critical inquiry is whether Plaintiff was under a legal obligation to the homeowners to repair or replace the roofs. In order to state a claim for indemnification, subrogation, or contribution, the plaintiff must allege an underlying legal obligation on behalf of the defendant. Both this Court in *Winchester I* and the United States District Court for the Eastern District of Virginia have resolved the issue consistently; Plaintiff was a volunteer at the critical time. (United States District Court for the Eastern District, Letter Opinion dated February 10, 1995). The law of the case is that in Virginia and at common law, there is no warranty in connection with the sale of real estate. (Letter Opinion dated October 9, 1992; *see also*, United States District Court for the Eastern District, Letter Opinion dated February 10, 1995). Plaintiff specifically disclaimed all warranties in connection with the sale of each of the townhomes. If there was no contractual or common law duty upon Plaintiff at the time of the alleged damages, then it was a volunteer, and it cannot state a claim that requires an underlying legal obligation in its Motion for Judgment sufficient to withstand Summary Judgment.

---

[6] These opinions are printed at 27 Va. Cir. 62 and 30 Va. Cir. 26. [Reporter's Note]

## II. *Summary Judgment*

### A. *Indemnification*

Defendants argue that in order for Plaintiff's indemnification claim to survive summary judgment, Plaintiff must: (1) establish that the homeowners had an actual, viable legal claim against it at the time of the inspection, repair, or replacement of the roofs; and (2) establish that Plaintiff discharged an actual, viable legal obligation to the homeowners in its inspection, repair, or replacement of the roofs.

Defendants contend that Plaintiff cannot establish that it had a legal obligation to repair the townhome roofs for several reasons. First, Plaintiff disclaimed any implied warranty of habitability that it may have owed the townhome owners. Va. Code Ann. § 55-70.1. Second, even if Plaintiff failed to disclaim the implied warranties of habitability, the warranty only extended for one year after the sale of home and no claim was brought within the three-year time period. Finally, no other warranty provided a legal obligation to the townhome owners.

In rebuttal, Plaintiff argues that it only has to show potential liability to the homeowners to advance its indemnification claim. *Gemco-Ware, Inc. v. Rongene Mold & Plastics Corp.*, 234 Va. 54, 360 S.E.2d 342 (1987). Plaintiff contends that its potential liability stems from express warranties it made to the homeowners within its Home Care and Service Manual.

Summary Judgment is granted to Count VII (Indemnification) of Plaintiff's Motion for Judgment. There are two basic types of indemnity: express indemnity and implied indemnity. *Sykes v. Stone & Webster Engineering Corp.*, 186 Va. 116, 41 S.E.2d 469 (1947). A claim based upon express indemnification arises out of a written agreement between the parties. *Id.* Implied indemnification arises from the relationships between the parties. *Id.* Generally, the principle of implied indemnity arises from equitable considerations. *Dunn v. Kanawha County Bd. of Educ.*, 459 S.E.2d 151 (W.Va. 1995). A claim for implied indemnity arises when the indemnitee, the person seeking to assert implied indemnification, has been required to pay damages caused by an indemnitor, a third party. *Vaughn v. Farrell Lines, Inc.*, 937 F.2d 953 (4th Cir. 1991). In the implied indemnification context, the indemnitee is liable to the injured party because of some positive duty created by statute or common law, however, the actual cause of the injury to the third party was the act of the indemnitor. *Id.* Express indemnity is absent in the instant case because a written contract

of indemnity does not exist between the parties. Plaintiff's indemnification claim is based on implied indemnification.

In order for the Plaintiff to employ implied indemnification as a basis for indemnity, the following must be met:

(1) indemnitee must initially show that an indemnitor-indemnitee relationship existed between itself and the proposed indemnitor;

(2) indemnitee must demonstrate that it was under some compulsion to satisfy the claim of the original plaintiff;

(3) indemnitee must prove that its settlement with the plaintiff in the underlying action was reasonable;

(4) indemnitee must show that the unlawful action of the indemnitor proximately caused the injury to the original plaintiff.

*Vaughan v. Farrell Lines, Inc.*, 937 F.2d 953 (4th Cir. 1991).

An indemnification claim may be proved by either potential or actual liability. *Atlantic Richfield Co. v. Interstate Oil Transport Co.*, 784 F.2d 106 (2d Cir. 1986), *cert. denied* 479 U.S. 817 (1986). An indemnitee can only recover from an indemnitor on a theory of potential liability if: (1) the indemnitor has actual notice of the claim; (2) the indemnitor has an opportunity to defend the claim; (3) the indemnitor has the right to participate in settlement negotiations; and (4) the settlement is deemed reasonable in view of the potential liability. *Id.*

Summary Judgment is granted to Defendants on Plaintiff's indemnification claim. The Court holds that Plaintiff's indemnification claim fails for several reasons. First, Plaintiff did not have a legal obligation to repair the roofs of the homeowners. Second, Plaintiff cannot use potential liability to advance its indemnification claim because Defendants did not have a meaningful opportunity to defend any claim the homeowners might make.[7] *Atlantic Richfield Co. v. Interstate Oil Transportation Co.*, 784 F.2d 106 (2d Cir.), *cert. denied*, 479 U.S. 817 (1986). Third, Plaintiff

---

[7] The United States District Court for the Eastern District of Virginia, Alexandria Division, stated the following: "The court further concludes there is no right of indemnity under Count VIII where not only is there no written contract of indemnity, but there is no actual liability to the homeowners on the part of plaintiff. To allow the plaintiff to only make a showing of potential liability would be insufficient absent notice to the defendants and giving them a meaningful opportunity to defend any claim the homeowners might make." *Atlantic Richfield Co. v. Interstate Oil Transportation Co.*, 784 F.2d 106 (2d Cir.), *cert. denied*, 479 U.S. 817 (1986).

cannot employ actual liability to advance its indemnification claim because Plaintiff did not have a legal obligation to repair the roofs.[8]

Accordingly, since no genuine issue of material fact exists, summary judgment is granted to Count VIII (Indemnification).

## B. *Warranty Claims*

Defendants argue that Plaintiff's breach of warranty claims must be dismissed because Plaintiff was a volunteer in the inspection, repair, and replacement of the townhome roofs, and Plaintiff cannot satisfy the burden of proof to recover compensable damages. In response, Plaintiff contends that its legal obligation to the homeowners is irrelevant to determining its ability to recover its damages pursuant to its breach of warranty claims. Plaintiff argues that its status as a "buyer" permits it to advance a breach of warranty claim against Defendants. Plaintiff further contends that it may establish proximate damages in support of its breach of warranty claim.

Defendant is entitled to Summary Judgment to Plaintiff's breach of warranty claims. In order for a buyer to state a claim for breach of warranty, the Plaintiff must establish: (1) the existence of the warranty; (2) that the warranty was broken; and (3) that the breach of warranty was the proximate cause of the loss sustained. Va. Code Ann. § 8.2-314, official comment 13 (1992). Without reaching whether the warranty was broken and whether the warranties were the proximate cause of the loss sustained, the Court holds that Plaintiff has not established the existence of the warranties. As discussed previously, the Court holds that Defendant's breach of warranty claims are barred by the four-year statute of limitations. Furthermore, Defendants did not make warranties of future performance to Plaintiffs. Accordingly, summary judgment is granted to Plaintiff's breach of warranty claims.

## C. *Subrogation*

Defendants argue that the Court should grant its Motion for Summary Judgment to Count X (Subrogation) of Plaintiff's Motion for Judgment. Defendants contend that Plaintiff cannot recover on a theory of subrogation as a matter of law because Plaintiff did not have a legal obligation to

---

[8] The Court finds that there is no material factual dispute with respect to Plaintiff's volunteer status. Plaintiff did not provide the homeowners with any warranties which would create either actual or potential liability. *See* Order dated October 9, 1992.

inspect, repair, or replace the townhome roofs. Plaintiff argues that a party can become a subrogee either by: (1) performing a legal duty arising either by express agreement or by operation of law; or (2) acting out of the necessity of self-protection. Plaintiff contends that it is a jury question whether it acted out of self-protection, and therefore, summary judgment is inappropriate.

Summary Judgment is granted to Count X (Subrogation) of Plaintiff's Motion for Judgment. Subrogation is an equitable doctrine. *Reynolds Metals Co. and Metropolitan Life Ins. Co. v. Smith*, 218 Va. 881 (1978). Subrogation is the substitution of another person in the place of the creditor to whose rights he succeeds in relation to the debt. *Id.* In order for a person to be entitled to subrogation, (1) a legal obligation to discharge a debt must exist and (2) the legal debt or obligation must be discharged. *Hinman v. Mason*, 149 Va. 267, 271, 136 S.E. 573, 574 (1927).

Plaintiff's subrogation claim fails for several reasons. First, a material fact does not exist regarding Plaintiff's volunteer status. (*Winchester I*, Order dated October 9, 1992). Plaintiff was a volunteer in the inspection, repair, and replacement of the townhome roofs. The right of recovery in subrogation does not exist for a mere volunteer. *Federal Land Bank*, 179 Va. at 402, 18 S.E.2d at 920; *Hinman v. Mason*, 149 Va. 267, 271, 136 S.E. 573, 574 (1927).

Second, Subrogation does not arise unless a legal obligation exists for the subrogee. *Hinman*, 149 Va. at 271. Although Plaintiff argues that it incurred expenses for inspecting, repairing, or replacing the roofs under the necessity of self-protection, it is not entitled to subrogation. Plaintiff is not entitled to subrogation because the expenses were not incurred in response to a legal obligation owed to any homeowner. This Court previously held in (*Winchester 1*, Letter Opinion dated January 6, 1992) that Plaintiff's Breach of Implied Warranty claims are barred by the four-year statute of limitations and that Defendants did not make express warranties to Plaintiff. In addition, the United States Eastern District held that Plaintiff's subrogation claim must fail because there is no actual liability to the homeowners, and the doctrine of equity and good conscience cannot support Plaintiff's subrogation claim.

Finally, Plaintiff's subrogation claim is fatally defective. In subrogation, Plaintiff steps into the shoes of the rights of the homeowners. *Meridian Title Ins. Co. v. Lilly Home*, 735 F. Supp. 182 (E.D. Va. 1990). Subrogation contemplates some original privilege on the part of the person to whose place substitution is claimed, and where no such privilege exists, there is

nothing on which the right can be based. *Id.* Subrogation entitles a person to no greater rights than the party had to whose rights he claims subrogation. *Id.* In *Winchester I*, the Court held that the homeowners did not have any rights against Defendants. Therefore, Plaintiff is subrogated to the nonexistent rights of the homeowners. Accordingly, as a matter of law, Defendants are entitled to summary judgment to Plaintiff's subrogation claim.

### III. *Conclusion*

The Court sustains Defendants' Plea in Bar and Motion for Summary Judgment.[9] Plaintiff's Motion for Judgment is barred in its entirety by the statute of limitations and statute of repose. Additionally, Defendants are entitled to Summary Judgment as a matter of law because Plaintiff was under no obligation to inspect, repair, or replace the homeowners roofs. Accordingly, the Court holds that *Winchester II* is dismissed with prejudice.

---

[9] The Court's determination of Defendants' Plea in Bar and Motion for Summary Judgment renders the issues raised on Defendants' Demurrer moot.