# CIRCUIT COURT OF FAIRFAX COUNTY

Sanderling

v.

Donohoe Co., Inc.

November 12, 1998

Case No. (Chancery) 154401

BY JUDGE MICHAEL P. MCWEENY

This matter comes before the Court on Defendant's Demurrer as to Counts III and VI of the Bill of Complaint. The issues are whether a claim of implied indemnity exits in Virginia, and whether a claim of implied indemnity can co-exist with a claim of express indemnity. After considering the issues, the Court rules that Defendant's Demurrer is sustained as to Counts III and VI of the Bill of Complaint.

### Implied Indemnity Is Recognized
### as a Cause of Action in Virginia

Although the Supreme Court of Virginia has not specifically ruled that a cause of action for implied indemnity exists in Virginia, the Court has, through its decision in *Sykes v. Stone & Webster Eng. Corp.*, examined the issue. 186 Va. 116 (1947). Judge Buchanan, in his opinion for the Court, stated that "[t]he right to indemnity or exoneration for a base must rest upon the fact that the party seeking indemnity has discharged, under contractual obligation express or implied, the obligation of the one primarily liable." *Id.* at 128. Despite the factual differences between *Sykes* and the case at bar, the Court's theory of implied indemnity is, nonetheless, instructive.

Since the decision in *Sykes*, numerous trial courts in Virginia have recognized the theory of implied indemnity. *Winchester Homes, Inc. v. Hoover Universal, Inc.*, 39 Va. Cir. 107 (1996); *Kristiansen v. William A. Hazel, Inc.*,

33 Va. Cir. 113 (1993); *Hanners v. Pender Mill I Assocs.*, 21 Va. Cir. 177 (1990). Judge Lee's opinion in *Winchester Homes, Inc.*, clearly acknowledges implied indemnity as a cause of action in Virginia. Such an action arises between parties from equitable considerations based upon facts similar to those in the case at bar. "[T]he indemnitee is liable to the injured party because of some positive duty created by statute or common law; however, the actual cause of injury to the third party was the act of the indemnitor." 39 Va. Cir. at 114 (citations omitted). The Court finds this analysis to be persuasive. The contract between Sanderling and Donohoe plainly manifests such an agreement, thus giving rise to the possibility of an implied indemnity claim.

### A Claim of Implied Indemnity Cannot Co-exist with a Claim of Express Indemnity

The parties have already agreed to an express indemnity clause in the Building 2-3 Contract. Because an express indemnity agreement already exists, further relief through the implied indemnity doctrine is unnecessary and improper. "As the United States Court of Appeals for the Fourth Circuit has noted, 'resort to implied indemnity principles is improper when an express indemnifiction contract exists'; when there is such an express indemnification contract, 'a surety is entitled to stand upon the letter of this contract'." *Fairfax County Bd. of Supvrs. v. Culbertson Const. Co.*, 12 Va. Cir. 118, 120 (1987) (quoting *Fidelity & Deposit Co. of Md. v. Bristol Steel*, 722 F.2d 1160, 1163 (4th Cir. 1983)). Sanderling is both able and required to seek restitution through the indemnity clause in the Building 2-3 Contract itself.

For the above-stated reasons, the Court orders the demurrer sustained with leave to amend within twenty-one days of this order.