# CIRCUIT COURT OF THE CITY OF RICHMOND

Larine B. Thomas

v.

Government Employees Ins. Co.,
Globe American Casualty Co.,
and Indu P. Harish

November 5, 1999

Case No. (Law) ML7084

BY JUDGE JAMES B. WILKINSON

The plaintiff, Larine B. Thomas, has come before this Court seeking a declaratory judgment concerning a $10,000 automobile insurance liability policy. Thomas was involved in an automobile accident with Indu P. Harish and has a suit pending in another court regarding that incident. Harish is insured by an automobile insurance policy issued by Government Employees Insurance Company (GEICO) with a liability payment provision in the amount of $10,000 which was issued in a state other than this Commonwealth; therefore, the parties have stipulated for the purpose of this declaratory judgment that Harish is an uninsured motorist. Thomas's automobile insurance, issued by Globe American Casualty Company (Globe), contains an Uninsured Motorist Provision in the amount of $25,000. The parties have also stipulated for this proceeding that Thomas's injuries as a result of the accident exceed $35,000.

There is no dispute between Thomas, GEICO, or Globe that Thomas is entitled to the $25,000 from the Uninsured Motorist Provision; however, this controversy is centered around the GEICO $10,000 liability provision in Harish's policy. Thomas contends that, since her injuries exceed $35,000, she should receive the proceeds from Harish's insurance. Globe, however, takes

the position that Va. Code § 38.2-2206(G) provides to them the right of subrogation and they are entitled to the $10,000.

Thomas filed a Petition for Declaratory Judgment on November 4, 1998, against Government Employees Insurance Company, Globe American Casualty Company, and Indu P. Harish seeking a determination of who is entitled to the $10,000 liability coverage held by Harish and issued by GEICO. On October 13, 1999, this Court heard the present matter, and upon hearing the evidence, representations, and arguments of counsel, the Court held the matter under advisement.

## Issue

Whether an insurer's right of subrogation arises when any payment is made to the insured or only after a judgment for the insured has been fully satisfied?

## Discussion

The primary question to be resolved concerns when the right of subrogation arises. Virginia Code § 38.2-2206(G) provides subrogation to insurance companies who have paid benefits to their policy holders under an uninsured motorist provision. The insurer may seek subrogation from an individual who is liable for the injury to their insured or that person's insurance company. While there is no dispute as to the right of subrogation, the parties disagree concerning when that right arises. Globe argued that they are entitled to subrogation as soon as a payment is made to their insured. In support of this contention, the plaintiff has cited *Reynolds Metals Co. v. Smith*, 218 Va. 881 (1978), which defines subrogation as "the substitution of one person in the place of another with reference to a lawful claim, demand, or right ... so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." *Id.* at 883, *citing* Black's Law Dictionary 1595 (rev. 4th ed. 1968). However, the Court makes no mention of when the right to subrogation is created.

Thomas has argued that *White v. Nationwide Mut. Ins. Co.*, 361 F.2d 785 (4th Cir. 1966), a Fourth Circuit Court of Appeals case interpreting Virginia law, is controlling. White was involved in a collision in which he sustained damages of $22,000. The other driver's insurance provided only $10,000 worth of coverage. At the time, Virginia required a minimum of $15,000 worth of liability insurance. Nationwide, White's insurer, claimed he was entitled only to $15,000 based on the Uninsured Motorist Provision in his

policy; therefore, they tendered $5,000 and argued that Allstate should provide the remaining $10,000.

The Fourth Circuit Court of Appeals did not adopt Nationwide's position. That Court's interpretation of Virginia law required the aggrieved party to be fully compensated before an insurer was entitled to subrogation. The Court stated, "[N]o paramount right of subrogation arises until the insured has received full satisfaction of his judgment against the uninsured driver." *Id.* The *White* ruling is consistent with the decision of the Supreme Court of Virginia in *Bryant v. State Farm Mutual*, 205 Va. 897 (1965), which allowed an injured person to collect from the uninsured motorist provisions of two separate insurance policies in order to effect full compensation of a judgment. *Id.* at 901-02.

Globe has argued that *United Services Auto. Assn. v. Nationwide Mut. Ins. Co.*, 218 Va. 861 (1978), is controlling in this matter. The decision did uphold an insurance company's right of subrogation; however, the facts in that case are not applicable to the matters before this Court. In *USAA v. Nationwide*, an insurer was seeking subrogation from another insurance company which had denied coverage to the party liable for the collision. The Supreme Court of Virginia ruled that one insurance company could seek subrogation from another insurance company, but, in that case, the statute of limitations had lapsed. *Id.* at 867. Furthermore, the injured party had been fully compensated for her damages. *Id.* at 862. For those reasons *USAA v. Nationwide* is not applicable to this action.

## Conclusion

The right of subrogation does not arise until an injured party has received full compensation of a judgment. Therefore, since the parties have stipulated that Thomas's damages exceed $35,000, she is entitled to receive the $25,000 from her Uninsured Motorist Provision and the $10,000 from Harish's automobile liability insurance policy issued by GEICO.