Gene Lusk

v.

Hieu Huynh
and Phuoc Le

October 10, 2006

Case No. CL-2006-677

BY JUDGE DENNIS J. SMITH

American Mining Insurance Company filed a Motion to Intervene in the above-named case, and, after argument was presented, the Court took under advisement whether American Mining Insurance Company could intervene in this matter, and, if they could, whether they could proceed as a Plaintiff while Gene Lusk also remained as a Plaintiff.

For purposes of this Motion, the facts are undisputed. On January 30, 2003, Plaintiff Gene Lusk, an employee of J.F.I. International, and Hieu Huynh, an employee of Mr. Phuoc Le, were involved in an automobile accident at the Fairfax County Landfill. As a result of the accident, Mr. Lusk suffered personal injuries for which he began to receive benefits pursuant to the Virginia Workers' Compensation Act, Virginia Code §§ 65.2-100, et seq. (as amended). Mr. Lusk also filed a negligence action against Mr. Huynh and Mr. Le to recover damages for his personal injuries.

American Mining Insurance Company ("American Mining") is the responsible workers' compensation insurance carrier for J.F.I. Financial, the employer of Mr. Lusk, and, as of March 27, 2006, American Mining had paid $61,152.93 in indemnity benefits to Mr. Lusk, and an additional $82,211.90 on behalf of Mr. Lusk for his medical expenses. American Mining continues to pay indemnity benefits to Mr. Lusk as a result of the motor vehicle accident.

Pursuant to Rule 3:14 of the Virginia Supreme Court, American Mining filed a Motion to Intervene as a party plaintiff in this case arguing that, under § 65.2-309, it is subrogated to Mr. Lusk's rights against the Defendants in this action. Thus, American Mining argues that it has a legally protected right in the cause of action and should be permitted to proceed together with Mr. Lusk against the Defendants.

In response, the Defendants assert that, while Rule 3:14 provides that "[a] new party may by leave of court file a pleading to intervene as a plaintiff or defendant to assert any claim or defense germane to the subject matter of the proceeding," American Mining is not "a new party" but is rather the same party as Mr. Lusk in this action, and, therefore, it does not meet the intervention requirements of Rule 3:14. The Defendants also argue that § 65.2-309 gives American Mining a right to subrogation, which allows American Mining to "stand in the shoes" of Mr. Lusk and assert his right against the Defendants, but it does not give them the right to be joined as a party plaintiff together with Mr. Lusk.

Resolution of these issues rests with this Court's interpretation of the meaning of "subrogation" in § 65.2-309(A) of the Virginia Code. The subsection provides, in relevant portions, as follows:

> A. A claim against an employer under this title for injury shall create a lien on behalf of the employer against any verdict or settlement arising from any right to recover damages which the injured employee ... may have against any other party for such injury ... and such employer also shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party.

The section explicitly "subrogates" the employer to the injured employee's right to enforce the legal liability of a third party for injury to the employee. It further provides that such enforcement may be done in the employer's own name or in the employee's name. In defining subrogation, the Virginia Supreme Court has in one case adopted the *Black's Law Dictionary* definition of subrogation as "[t]he *substitution* of one person in the place of another with reference to a lawful claim, demand, or right ... so that he who is substituted *succeeds* to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." *Reynolds Metals v. Smith*, 218 Va. 881, 883-84, 241 S.E.2d 794 (1978), quoting *Black's Law Dictionary* 1595 (rev. 4th ed. 1968) (emphasis added).

In this case, American Mining seeks to be *added* as a party plaintiff and asks for permission to proceed in the name of Mr. Lusk. Mr. Lusk, however, is already proceeding in his own name. American Mining is not asking to "substitute" itself for the Plaintiff, but to actually join the Plaintiff in asserting a single claim against the Defendants. To that extent, American Mining's motion conflicts with the Virginia Supreme Court's notion of subrogation and must be denied.

The Workers' Compensation statutory scheme also supports this interpretation of subrogation. Section 65.2-309(A) subrogates to an employer, here American Mining, any right to recover damages which the injured employee may have against any other party for such injury. The statute goes on to say that the employer may enforce the legal liability of the alleged tortfeasor "*in his own name or in the name of the injured employee.*" Va. Code Ann. § 65.2-309(A) (2004) (emphasis added). This disjunctive phrasing supports the Defendants' argument that American Mining can only proceed either in its own name or in the Plaintiff's name, but not both. Since Mr. Lusk is already proceeding in his own name, American Mining cannot also proceed in Mr. Lusk's name. Moreover, American Mining's rights exist only through Mr. Lusk and do not extend beyond those of Mr. Lusk, and Mr. Lusk is already pursuing all of the relief that American Mining may be entitled to against the defendants in this case.

Finally, Rule 3:14 does not permit intervention by American Mining in this circumstance either in its own name or in the name of Mr. Lusk. In *Hudson v. Jarrett*, 269 Va. 24, 606 S.E.2d 827 (2005), the Virginia Supreme Court applied Rule 3:14 in a very similar case, albeit one involving a compensation lienor's claim under the federal workers' compensation scheme. *Hudson*, 269 Va. at 33. Both federal and state statutes provide employers with lien claims against any recovery received from a third party by the injured employee. The federal statutes are not identical to Virginia's scheme, and, therefore, it might be argued that *Hudson* is not directly controlling, but even if it were not dispositive, at a minimum, it is instructive as to the Virginia Supreme Court's interpretation of Rule 3:14. The Court, per Justice Lacy, determined that Rule 3:14 would not permit intervention where the proposed intervenor is not required to independently prove defendants' liability to the employee, and where no issue to be resolved in plaintiff's action is affected by the intervenors' lien claim, and no issue resolved in the action will affect the lien claim. American Mining will have the same lien rights whether it is a participating party, an inactive party, or a nonparty to this case. While the federal statutory scheme for asserting lien rights differs in some specifics, the

Court is aware of no distinction which would lead to a different application of Rule 3:14 in a case involving a lien claim under Virginia workers' compensation laws and therefore *Hudson* controls.

In accordance with the foregoing, American Mining's Motion to Intervene is denied.